WEAVER J.
(concurring). I concur in the majority conclusion and reasoning that the Legislature did not intend to create a contractual right subject to Const 1963, art 1, § 10 and US Const, art I, § 10 when it provided for payment of health care benefits to public school employees through the enactment of MCL 38.1391(1).
Regarding whether health care benefits paid to public school retirees are “accrued financial benefits” under Const 1963, art 9, § 24,1 concur with the majority conclusion that they are not. I agree with the majority that “the ratifiers of our Constitution would have commonly understood ‘financial’ benefits to include only those benefits that consist of monetary payments, and not benefits of a nonmonetary nature such as health care benefits.” Ante at 655. As noted by Justice RILEY in her partial concurrence and partial dissent regarding art 9, § 24 in Musselman v Governor, 448 Mich 503, 526; 533 NW2d 237 (1995) (Musselman I), “when interpreting the language of the constitution, unambiguous terms are given their plain meaning.” Justice RILEY concluded that the “normal usage of the word ‘financial’ connotes money and ‘money’ connotes some form of hard currency that can be ‘spent.’ ” Id. at 527. When the Court granted rehearing in Musselman, I concurred with Justice RlLEY’s Musselman I analysis of the common understanding of the term “accrued financial benefits” and I continue to agree with her *672 analysis today. In Musselman v Governor (On Rehearing), 450 Mich 574; 545 NW2d 346 (1996) (Musselman II), I wrote further to note that Justice RlLEY’s conclusion was supported by the fact that health care benefits did not exist when the people ratified the 1963 Michigan Constitution. Because health care benefits did not exist at that time, the people would not have anticipated that the pension and retirement systems established by Const 1963, art 9, § 24 included health care benefits. Mussleman II at 579.